PEASE, Respondent, v. FREIWALD et al., Appellants. (City Court of New York, General Term. June, 1902.) Action by Mary Pease against Sarah Freiwald and another. Stern, Singer & Barr (Bert Cohen, of counsel), for appellants. David M. Neuberger (William McArthur, of counsel), for respondent.

DELEHANTY, J. The complaint herein sets forth two causes of action. The first alleges that defendants wrongfully and unlawfully arrested plaintiff by giving her into the custody of a policeman upon a false and unwarranted charge of grand larceny, to wit, in having feloniously stolen from them certain personalty of the value of $105. The material allegations of the second cause of action were to the effect that defendants wrongfully and unlawfully caused the plaintiff to be imprisoned and detained for a long space of time in close custody in a public prison, under said false and unfounded charge of grand larceny. Demurrers were interposed upon the ground that the complaint in each cause of action failed to set forth facts sufficient to constitute a cause of action. From an interlocutory judgment overruling these demurrers this appeal is taken. The court at special term took the view that the complaint, although inartistically drawn, indicated a cause of action for false imprisonment. If this be true, then the complaint was manifestly defective for failure to state that the imprisonment of plaintiff, alleged to have been procured by defendant, was illegal, or was procured without authority of law. Cousins v. Swords, 14 App. Div. 340, 43 N. Y. Supp. 907. The respondent, however, now insists that the cause of action sued upon is one for wrongful arrest, and nothing else. If this be so, then the complaint is clearly defective for failure to set forth facts from which it will appear that her arrest was illegal. All that the complaint states is that the defendants wrongfully and unlawfully arrested the plaintiff, by giving her into the custody of a policeman upon a false and unfounded charge of grand larceny, and wrongfully and unlawfully caused her to be imprisoned upon the same. To simply al-

!ege in so many words a wrongful and unlawful arrest, without specifying the details, avers only a legal conclusion, not a fact, and is insufficient on demurrer. Lange v. Benedict, 73 N. Y. 12, 29 Am. Rep. 80. With these words out, the complaint, as was said in the Cousins Case, does not even aver, as a proposition of law, that her arrest was not perfectly legal. We are of the opinion that the demurrers should have been sustained. The judgment overruling same must therefore be reversed, and judgment given for the defendants upon the demurrers, with costs, with leave to plaintiff to amend his complaint in six days, upon payment of the costs of appeal and on the demurrers. Judgment reversed, and judgment given for defendants upon demurrers, with costs, with leave to plaintiff to amend complaint in six days, upon payment of costs on appeal and on demurrers. All concur.