■ EDWARD DE MARCO, Appellant, v. COUNTY OF NASSAU et al., Respondents.— In an action to recover damages for false imprisonment, the plaintiff appeals from an order of the Supreme Court, Nassau County, entered July 3, 1962, which granted the defendants' motion, made: (a) pursuant to rule 112 of the Rules of Civil Practice, for judgment on the pleadings on the ground that the complaint fails to set forth a cause of action; and (b) pursuant to rule 113 of the Rules of Civil Practice, for summary judgment dismissing the complaint on the merits; and which denied the plaintiff's cross motion for summary judgment in his favor on the issue of liability, as against the defendant Smith. Order affirmed, without costs. The complaint alleges that the defendant Smith was a Judge of the District Court of the County of Nassau; that he committed the plaintiff to the County Jail on September 26, 1961; that on October 23, 1961 a Justice of the Supreme Court of the State of New York sustained a writ of habeas corpus and ordered the plaintiff's release from imprisonment; and that the plaintiff's detention from September 26, 1961 until October 23, 1961 "was wholly unlawful and without justification." There are no allegations of fact to support the conclusory allegation that the plaintiff's detention "was wholly unlawful and without justification" and to show that such detention gave rise to a cause of action for false imprisonment. "Mere conclusory statements of law, which are unsupported by allegations of fact, may not be utilized to supply material facts by inference" (*Fried* v. *Sugar*, 17 A D 2d 827, 828). In the light of the rules applicable to a Judge's immunity from civil liability, when the conclusory allegation that the plaintiff's detention "was wholly unlawful and without justification" is considered together with the allegation that the defendant Smith was a Judge of the court, the complaint fails to state a cause of action (*Lange* v. *Benedict*, 73 N. Y. 12). Under the rules applicable to a Judge's immunity from civil liability, the defendants' motion for summary judgment was properly granted (*Lange* v. *Benedict, supra*; *Bradley* v. *Fisher*, 13 Wall. [80 U. S.] 335; *Karelas* v. *Baldwin*, 237 App. Div. 265). Ughetta, Acting P. J., Kleinfeld, Brennan and Hopkins, JJ., concur; Christ, J., taking no part.