MATTHEWS (BIGELOW v.). See Case No. 1,401.

MATTHEWS (CADMUS, The, v.). See Case No. 2,282.

MATTHEWS (GOODYEAR v.). See Case No. 5,576.

## Case No. 9,285.

### MATTHEWS v. LYALL.

[6 McLean, 13.][1]

Circuit Court, D. Michigan. June Term, 1853.

REMOVAL OF CAUSES—ALIEN—RIGHT TO DENY REMOVAL.

[Where all the requisites of the act of congress relative to removals have been complied with, the state court has no right to deny the removal; and, if it should so deny, all its subsequent acts in the cause are coram non judice and void.]

[Cited in Ellerman v. New Orleans, M. & T. R. Co., Case No. 4,382.]

[Cited in Lange v. Benedict, 73 N. Y. 36; Sharp v. Gutcher, 74 Ind. 364.]

The defendant being an alien, and being sued before the state court of Oakland county, filed a petition at the first term to remove the cause into the circuit court of the United States. Bond was given, to which there was no objection, and it appeared that the matter in dispute exceeded the sum of five hundred dollars. The state court refused to permit the removal. This court held, that the requisites of the act of congress having been complied with in this case, the state court had no right to deny the removal. The law declares, that, under such circumstances, the state court shall proceed no further in the case. And the supreme court have held, that all subsequent proceedings in the state court are coram non judice. [Gordon v. Longest] 16 Pet. [41 U. S.] 101. But in this case, the complainant dismissed his bill. This we suppose he had a right to do, whether the cause be considered in the state court, or in this court.

[1] [Reported by Hon. John McLean, Circuit Justice.]