TERRE HAUTE AND INDIANAPOLIS RAILROAD COMPANY

v.

EDWARD ABEND.

1. REMOVAL OF CAUSE.—Where petition for removal of a cause from a state to a Federal court is properly made at the first term at which such cause could be tried; is accompanied with the bond required by law, and no objection is made as to the form of the bond or sufficiency of the sureties, the presumption will be indulged that it was such a bond as the act of Congress requires, and it is the duty of the court to make the order for removal.

2. AFTER PETITION FILED STATE COURT HAS NO JURISDICTION.—It is now well settled that after a petition for a removal has been filed, the state court can do nothing to affect the rights of the parties. Its jurisdiction ceases eo instanti.

3. EXAMINATION OF SURETIES.—Whether a state court may not inquire into the sufficiency of sureties on the bond, or whether the petition is a compliance with the Federal statutes, is not decided.

4. PETITIONER DOING BUSINESS IN THIS STATE.—The fact that the petitioner for removal was a corporation doing business in this State, or that the general issue had been filed in the cause, will not affect the right of removal.

T. H. & I. R. R. Co. v. Abend.

APPEAL from the Circuit Court of St. Clair county; the Hon. W. H. SNYDER, Judge, presiding.    Opinion filed October 6, 1881.

Mr. CHARLES W. THOMAS and Mr. JOHN B. BOWMAN, for appellant; that the death of plaintiff's intestate was caused by the negligence of a fellow-servant in the same line of employment, cited C. & A. R. R. Co. v. Keefe, 47 Ill. 108;. C. & A. R. R. Co. v. Murphy, 53 Ill. 339; C. & N. W. R. R.. Co. v. Moranda, 93 Ill. 302.

At the time of his death, plaintiff's intestate was violating: a rule of the company, and came to his death on account of such violation and his own gross negligence: P. & R. I. R.. R. Co. v. Lane, 83 Ill. 448; Moss v. Johnson, 22 Ill. 633;. Doggett v. Ill. Cent. R. R. Co. 34 Ia. 284; Macon R. R. Co.. v. Johnson, 38 Ga. 409; Hickey v. Boston R. R. Co. 14 Allen,. 429; Quinn v. Ill. Cent. R. R. Co. 51 Ill. 495; Higgins v.. Hannibal & St. J. R. R. Co. 36 Mo. 418; Southern R. R. Co.. v. Kendrick, 40 Miss. 374; Sprong v. Boston & Albany R. R.. Co. 60 Barb. 30.

Mr. JAMES M. DILL and Mr. W. H. BENNETT, for appellee;. that the death was occasioned by collision of the trains, and the position deceased occupied on the train did not contribute to it, cited Frink v. Potter, 17 Ill. 406; Keith v. Pinkham, 43. Me. 591; Carroll v. N. Y. & N. H. R. R. Co. 1 Duer, 571.

There was no proof of the solvency of the sureties on the bond for removal, and the petition was rightfully refused:. Weed S. M. Co. v. Smith, 71 Ill. 204; Darst v. Bates, 51 Ill.. 439.

A railroad company operating a road in this State has no right of removal to a Federal court: Rev. Stat. 1880, Chap. 32, § 26; Baltimore R. R. Co. v. Wightman, 29 Gratt. 431; C. & W. I. R. R. Co. v. L. S. & M. S. R. R. Co. Chicago Legal News, Jan. 15, 1881; St. L. A. & T. H. R. R. Co. v. I. & St. L. R. R. Co. Chicago Legal News, Nov. 15, 1879.

CASEY, P. J.    Appellee sued appellant in an action on the case.    The declaration shows that defendant, in Beasley's life-

time, was operating a railroad from East St. Louis to Indianapolis. That on June 25th, 1880, a train was wrecked on the road near Confidence Hill, in Madison county, and on the next day Beasley was ordered by defendant to go out from East St. Louis, on a wrecking train of defendant, consisting of an engine, flat cars and one box car, for the purpose of conveying men and tools to said wreck, and in obedience to the order, he took passage on said train, and while the train was proceeding to the wreck, under the control of defendant's servants, it came in collision with a freight train coming west, also under control of defendant's servants, and Beasley was killed; that at the time of the collision, Beasley was exercising due care and caution, and was killed without any fault or misconduct on his part; that he had nothing to do with the control or management of either of the trains; that he was not a fellow-servant with the servants of defendant, who were operating the trains, or either of them; that he then was, and for a long time had been, in defendant's employ as its head blacksmith, at East St. Louis, and at the time he was killed was proceeding to said wreck in his capacity of blacksmith, by defendant's order, which was a distinct and different line of employment from that of other servants of defendant, who were running said trains and that Beasley's death was caused by the negligence and fault of defendant's servants operating said trains. That he left surviving him his widow, Mary, and five children, namely: William, aged 19 years; Ella, aged 15 years; Lillie, aged 11 years; Charles, aged 3 years, and Frederick, aged 7 months; that Frederick has since died, and the widow and other children are still alive, and the next of kin to deceased, and have been, by his death, deprived of their means of support.

Second count. That on June 26th, 1880, defendant was operating a railroad, extending through a part of the counties of St. Clair and Madison, in said State, and was running trains of cars and locomotives thereon, by its servants; that at the time, and for a long time prior thereto, Beasley had been in defendant's employ as its head blacksmith, at East St. Louis, and had nothing to do with the running or operating

of cars on defendant's railroad, and was not a fellow-servant with the servants of defendant operating the trains. That on said day he was ordered by defendant to take passage at East St. Louis on a wrecking train, sent out by defendant in an easterly direction, on its railroad, to go to a place near Confidence Hill, in Madison county, and took passage on said train, in obedience to said orders, and while said train was on its way to its destination, it came in collision with a freight train operated by defendant's servants, and moving westwardly on said road, the collision being caused by the carelessness and negligence of the defendant's servants operating the trains, and Beasley, who had nothing to do with the running of either train, was killed while exercising due care and caution, he, at the time, not being a fellow-servant with the servants, controlling said trains, or either of them. The count concludes with an averment of existence of widow and next of kin, makes profert of plaintiff's letters of administration, and claims $5,000 damages.

To this declaration the general issue was filed May 20, 1881. On the 21st of June, A. D. 1881, appellant filed its petition for a removal of the cause to the Circuit Court of the United States for the Southern District of Illinois. The petition showed that the appellant was a citizen of the State of Indiana, that the plaintiff was a resident of the State of Illinois, and that the amount in controversy exceeded the sum of five hundred dollars and costs. A bond in the ordinary form, with security, was filed with said petition. The motion for a removal was overruled and exceptions taken. The cause was submitted to a jury, and a verdict for appellee for the sum of $5,000 was entered. A motion for a new trial was refused, and the case is brought to this court by appeal.

The first error assigned is that the circuit court erred in not ordering the removal of the cause to the Federal court. The bill of exceptions shows, "That the court, upon plaintiff's suggestion that defendant was doing business as a resident corporation, and had filed the general issue in this cause, denied the motion to remove." Exceptions were taken to the ruling of the court.

No objections were made in the circuit court to the sufficiency of the petition or bond. The petition was presented at the first term of the court at which the case could be tried. Counsel for appellee, in this court, insists that the motion for a removal of the cause was properly refused, because there was no proof of the solvency of the securities on the bond accompanying the petition for a removal, and we are referred to the cases of Weed S. M. Co. v. Smith, 71 Ill. 205, and Darst v. Bates, 51 Ill. 440, as supporting that view of the case. Without discussing the law as written in these cases, we think the case of the Empire Transportation Company v. Richards Bros. reported in 88 Ill. 404; the latest decision of the Supreme Court on that subject is decisive of the question now before us. In that case the court say in substance that the petition for the removal of the cause to the Circuit Court of the United States was presented at the first term of the State court at which the case could be tried, and was accompanied with a bond such as the law has prescribed, with good and sufficient security. The presumption must be indulged in that it was such a bond as the act of Congress requires, as no objection was made to the form of the bond or the sufficiency of the surety. Neither the petition nor the bond was objected to, and there was no question of that character for the court to decide. Defendant showed itself entitled to the jurisdiction of another court, and it was the plain duty of the State court to make the order for a removal of the cause to the Federal court.

It is now a quite well settled doctrine, that after the filing of the petition and bond in due form of law, that the State court has no power to refuse the removal, and can do nothing to affect the right, and its rightful jurisdiction ceases *eo instanti*. No order for a removal is necessary, and every subsequent exercise of jurisdiction by the State court, including the judgment, if one is rendered, is erroneous. Dillon on Removals, Sec. 75; Matthews v. Lyle, 6 McLean, 13; Gorden v. Longest, 16 Peters, 101; Kanouse v. Martin, 15 Howard, 208. See, also, Western Union Tel. Co. v. Horack, decided this term. The fact that appellant was doing business in Illinois, if it so

appeared, or that the general issue had been filed, would not deprive appellant of the right to remove the cause to the Federal court. Of course I do not say that the State court is precluded from an examination as to the sufficiency of the sureties on the bond, or as to whether or not the petition is a compliance with the Federal statute. In view of the authorities we have referred to, we think that the circuit court erred in refusing the motion for a removal of the cause to the Circuit Court of the United States. Therefore the judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.