## THE WESTERN UNION TELEGRAPH COMPANY
### v.
## JOHN W. HORACK.

1. REMOVAL OF CAUSE.—In applications for removal of causes from a State to a Federal Court, if the case comes within the act of Congress, and the petition is in due form accompanied with the required bond, the State court must accept the petition and bond, and proceed no further in the case. Every subsequent step by the State court other than the necessary orders for removal, is *coram non judice*. The State court cannot inquire into the real amount claimed by the plaintiff, in order to reduce the sum demanded below five hundred dollars.

2. SET-OFF—NONSUIT.—After a plea of set-off is filed, the plaintiff cannot take a non suit without the consent of the defendant.

APPEAL from the County Court of St. Clair county; the Hon. FREDERICK H. PEIPER, Judge, presiding. Opinion filed October 6, 1881.

Mr. CHARLES W. THOMAS, for appellant; upon the right of removal, cited Dillon on Removal of Causes, § 75.

Messrs. HAY & KNISPEL, for appellee; that it is a matter of discretion of the court to allow a plaintiff to dismiss after plea of set-off, cited Practice Act, § 30; U. S. Savings Inst. v. Brockschmidt, 72 Ill. 370.

A party in court cannot force his adversary to act until he himself is in a condition to be forced to proceed: Hooper v. Smith, 19 Ill. 53; Smith v. Wilson, 26 Ill. 186.

After refusal of a State court to remove a cause, the plaintiff may dismiss: Mathews v. Lyall, 6 McLean, 13.

CASEY, P. J.    Appellee sued appellant in the County Court of St. Clair, laying his damages at $500.   On the first day of the term appellant filed the general issue and a special plea of set-off, to the extent of $1,000.   On the same day appellant filed its petition for a removal of said cause to the Circuit Court of the United States, for the Southern District of Illinois.   The petition is in the usual form, showing that appellant is a citizen of the State of New York; that the appellee is a citizen of' the State of Illinois.   That the matters in dispute exceed the sum of $500, exclusive of costs, and praying that no further steps may be taken in said cause, etc. Accompanying the petition is a bond, as required by the statute of the United States in such cases.   On the second day of the term appellee filed in the court below a motion for leave to take a nonsuit in said cause.   Afterward, on the 19th day of July following, the county court allowed the motion for leave to take a nonsuit, and the cause was dismissed.   Appellant excepted to the ruling of the court, and the case is brought to this court by appeal.   The errors assigned are:   1.   The county court erred in not ordering the removal of the cause to the Federal Court, and 2.   In allowing a nonsuit to be taken after petition and bond were filed.   No objections are made to the sufficiency of the petition or bond.

The proceeding for the removal of the cause to the Circuit Court of the United States, is under and by virtue of the law of Congress, of the 3d of March, 1875.   The second section of that law provides for the removal of causes to the Federal court, when the matters in litigation exceed the sum of $500, exclusive of costs, and when the controversy is between citizens of different States.   The third section provides that it shall be the duty of the State court to accept said petition, a bond with good and sufficient surety being filed therewith,

W. U. Tel. Co. v. Horack.

and proceed no further in such suit, and any bail that may have been originally taken, shall be discharged. Laws of United States, Vol. 18, Part 3; pages 470–471. Judge Dillon, in his work on Removal of Causes, Sec. 75, says: If the case be within the act of Congress, and the petition is in due form, accompanied with the offer of the required surety or bond, the statute is that the State court *must* accept the surety or the petition and bond, and proceed no further in the case. Under such circumstances the State court has no power to refuse the removal, and can do nothing to affect the right, and its rightful jurisdiction ceases *eo instanti;* no order for removal is necessary, and every subsequent exercise of jurisdiction by the State court, including its judgment, if one is rendered, is erroneous. When a removal is granted the cause is to be removed, as of the date when the motion is made, and the papers should be certified as of that date.

In cases where the proceedings are in conformity with the act of Congress, the removal is imperative upon the State court. If the right of removal has once become perfect, it cannot be taken away by subsequent amendment in the State court or Federal court, or by a release of part of the debt or damages claimed or otherwise. If no objection to the form of the application or the bond is made, it was the clear duty of the State court to proceed no further in the cause. And every step subsequently taken in the exercise of a jurisdiction in the case, whether in the same court, or in the court of appeals, was *coram non judice.* Gorden v. Longest, 16 Peters, 101.

In Mathews v. Lyall, 6 McLean, 13, it is said. The State court had no right to deny the removal. The court declares that under such circumstances, the State court shall proceed no further in the case. And the Supreme Court have held that all subsequent proceedings are erroneous. In Kanouse v. Martin, 15 Howard, 208, after the petition and bond had been filed, the court said: But the court proceeded to make inquiry into the intention of the plaintiff, not to claim of the defendant, the whole of the matter then in dispute upon the record, and allowed the plaintiff to reduce the matter then in dispute, to the sum of four hundred and ninety-nine dollars

by an amendment to the record. It then proceeded further in the cause, which the act of Congress forbids. All its subsequent proceedings, including the judgment, were therefore erroneous.

To require the defendant to answer further would be to deny him his right to have all the proceedings in the State Court cease. It would engraft upon the act of Congress a new proviso; that although the court was required to proceed no further in such suit, yet it might proceed and make further orders in the cause, and this, although the defendant had done all which the laws required to obtain the right to remove the suit.

In the case before us, a plea of general issue and special plea of set-off had been filed. After the filing of a plea of set-off, the plaintiff could not take a nonsuit or dismiss his action without the consent of the defendant, or by leave of the court. U. S. Savings Inst. v. Brocksmidt et al. 72 Ill. 371. The defendant did not consent. It was then a matter for the court to determine, in the exercise of a sound discretion, whether or not he would allow the plaintiff to dismiss his action. In determining that question, the judge had a judicial function or duty to perform. He had to proceed further in the cause, when the imperative mandate of the Federal statute is that the State court shall proceed no further. From these authorities it seems very apparent that all orders made by the county court, after filing the petition and bond, were erroneous. Therefore the judgment of the county court is reversed and the cause remanded.

Reversed and remanded.