JAMES M. MARVIN, RESPONDENT, *v.* BYRON J. TOWN, RECEIVER OF TAXES AND ASSESSMENTS FOR THE TOWN AND VILLAGE OF SARATOGA SPRINGS, AND THE VILLAGE OF SARATOGA SPRINGS, APPELLANTS.

*Assessment — insufficient designation of land — not sustained as a personal assessment — failure to object on grievance day, not a waiver — jurisdiction, how acquired — presumption of regularity creates a cloud on the title.*

Under the provisions of the charter of the village of Saratoga Springs, which provide that the cost of constructing sewers shall be assessed by the board of trustees upon the property adjoining, and along the line of the same, etc., an assessment for the construction of a sewer was laid in the form of a warrant directing the tax receiver to levy and collect from the several persons, firms and corporations named in the list of assessments, the amounts set opposite their respective names:

| NAMES. | Street. | Benefits. |
| --- | --- | --- |
| Marvin, James M . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | Church . . . . . . . . . . | $160 00 |
| . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | . . . . . . . . . . . . . . . . | . . . . . . . |
| . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | . . . . . . . . . . . . . . . | . . . . . |
| . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | . . . . . . . . . . . . . . . . | . . . . . . . |

*Held,* that the vague and indefinite language used by the trustees in making this assessment could not be so construed as to make it a charge upon any specific piece of land.

That the assessment could not be sustained as a personal assessment.

That the fact that the party assessed appeared before the board of trustees on grievance day and made objection only to the amount of the assessment, which was afterwards modified, was not a waiver on his part of the other irregularities existing in the assessment, and that he was not precluded by such appearance from thereafter objecting to the assessment because of such irregularities.

*Hilton* v. *Fonda* (19 Hun, 191) distinguished.

That the trustees of the village and receiver of taxes must, in such a proceeding, acquire and maintain jurisdiction of the property by virtue of the statute, and could not obtain the same by the appearance of the party assessed before them on grievance day.

That, as by the provisions of the statute (sec. 8 of chap. 68 of 1880) the sale by the tax receiver, and the execution after two years of a deed to the purchaser, were " presumptive evidence that the sale and all the proceedings prior thereto, from and including the assessment of the lands, were regular," the sale would constitute a cloud upon the title of the party assessed, which, in a proceeding

for its removal, would require proof *aliunde* the record, and that an action to have the assessment set aside as a cloud upon title and declared void was therefore maintainable in this case.

APPEAL by the defendants from a judgment, entered in the office of the clerk of the county of Saratoga on the 6th day of February, 1890, after a trial at a Special Term held in Saratoga county before the court without a jury, at which a decision was rendered in favor of the plaintiff, adjudging that the assessment against the plaintiff by the trustees of the village of Saratoga Springs in 1888, mentioned and set forth in the complaint, was unauthorized, illegal and void, and vacating and setting aside the same and enjoining the defendants from taking any proceedings to collect or enforce the same.

*Edgar T. Brackett*, for the appellants.

*Charles S. Lester*, for the respondent.

MAYHAM, J.:

This action was brought by the plaintiff, who was a resident of the village of Saratoga Springs, to set aside an assessment levied by the trustees of the village to pay for the construction of a sewer known as Church street sewer in said village, and to enjoin the defendants from selling the property of the plaintiff described in the complaint to pay such assessment.

The complaint set out alleged illegalities and irregularities in making the assessment, and in the acts of the tax receiver in proceeding to sell.

The defendants answer separately, the village alleging its power and authority to construct the sewer, and to assess the benefits on adjacent lands, and alleging, among other things, that the plaintiff appeared before the board of trustees on the day for hearing grievances, and only objected to the amount of the assessment, and that the same was subsequently reduced; the answer also denied some of the allegations of the complaint.

The defendant Byron J. Town, the tax receiver, answered separately, alleging that he was acting under the authority of the warrant issued by the board of trustees, and in a general way alleging the duty of the board of trustees to make the assessment and issue

their warrant, and his duty to collect the amount of the same, and alleging the proceedings by him in pursuance of that duty.

On the trial the learned judge held that the assessment by the trustees was a personal tax. That no real estate was charged by such assessment-roll. That the real estate of the plaintiff not being described in the assessment-roll was not charged by the assessment. That such assessment was unauthorized, illegal and void as against the plaintiff, and that the warrant issued thereon was unauthorized and void, and conferred no right upon the receiver of taxes, described in his advertisement of sale. That the receiver of taxes had no authority under said assessment and warrant to describe and sell the lands of the plaintiff. That the assessment should be vacated and the receiver of taxes enjoined from selling such property or any part of the same, and directed judgment accordingly.

Judgment was entered according to the direction of the trial judge, and the defendants appeal to this court.

The trial court held that the assessment in this case was a personal assessment against the plaintiff, and was not a compliance with the provisions of the charter of defendants, which provides specially for assessments for the purpose of construction of sewers and drains in such village.

The village of Saratoga Springs, through its board of trustees, assume to have made this assessment under the provisions of chapter 136 of the Laws of 1887. Section 72 of that chapter provides that " the cost of constructing such sewers, drains and conduits shall be assessed by the board of trustees upon the property adjoining and along the line of the same, and such other property as the board may deem to be benefited thereby, or may at any time enjoy the use thereof, and in proportion to such benefit, as the same shall be determined by said board of trustees."

The only assessment which appears to have been made by the board of trustees in this case is in the following form of a warrant directed to the tax receiver. " You are hereby commanded to levy and collect, from the several persons, firms and corporations named in the foregoing list of assessments, the amount set opposite their respective names in the manner provided for in the act creating the office of Receiver of Taxes and Assessments in the town and village of Saratoga Springs, and the several acts amendatory

thereof." This warrant was signed by the president and board of trustees.

The list referred to in this warrant consisted of a number of names arranged as follows, among which was the plaintiff's:

| NAMES. | Street. | Benefits. |
|---|---|---|
| Marvin, James M............... | Church..... ... | $160 00 |
| .............................. | ............... | ......... |
| .............................. | ............... | ......... |

The trial judge finds that the clerk (without any official act of the trustees authorizing him so to do) before delivering to the receiver of taxes a copy of this assessment-roll, added to the name of the plaintiff, as it appeared in the assessment-roll, these words, " Sagar & Richards occupants, Church St." No description of plaintiff's lands sought to be assessed for this sewer appears anywhere in the assessment-roll, except as above. But plaintiff admitted on the trial that Sagar & Richards occupied, at the time of the assessment, his premises on Church street, described in the complaint. The form of the tax receiver's notice, or advertisement of sale, does not appear in the record.

It is difficult to see how it can be maintained that the vague and indefinite language used by the trustees in making this assessment can be understood as a charge upon any specific piece of land. The assessment does not, in the list or warrant, purport to be a proceeding *in rem.* It describes not, even in the most general way, any particular piece of land, nor does it mention land at all. It purports to levy a tax against the plaintiff in person ; true, it locates him on a particular street and describes the tax as benefits, and if we were permitted to guess, we might, by taking this tax, in connection with the fact of the construction of a sewer, suppose it to be a tax assessed against plaintiff's land. But the court is not permitted to guess or speculate in this class of cases. The levying of this class of taxes is purely a statutory proceeding, in which the plaintiff's property is to be taken or incumbered in derogation of his common-law rights, and the provisions of the statute must be strictly pursued.

Even the authorities cited by the learned counsel for the defendants concede that land sought to be reached in this class of assessments must be described with reasonable certainty. In *Pink* v. *Barberi* (17 Week. Dig., 521), cited by the defendant, the court says: "Property must be described in such a way that it can be known upon the books or a reference given by which it can be determined." That cannot be done in this case from the assessment alone, as it seems to be conceded in this case that the defendant, the receiver of taxes, in his description in the notice of sale embraced a piece of property belonging to Henry B. Hanson. The receiver of taxes is not authorized to sell lands for a personal tax. Section 2 of chapter 68 of Laws of 1880, under which the receiver assumed to act, provides: "Whenever any tax charged on real estate \* \* \* shall remaid unpaid, \* \* \* the receiver shall proceed to advertise and sell such real estate."

But the defendants insist that, even if this is a personal assessment, and the lands not sufficiently described in it to create a charge upon them by virtue of the assessment alone, still that the appearance of the plaintiff before the board of trustees on grievance day, and objecting only to the amount of the assessment, was a waiver of the alleged irregularities of the defendants in the assessment, and that the plaintiff cannot now be heard to object, and the case of *Hilton* v. *Fonda* (19 Hun, 191) is relied upon as establishing that proposition. But we think that case clearly distinguishable from this.

In that case the plaintiff, who sued the assessors in trespass for the sale of his property on a personal assessment against him while he claimed to be a non-resident of the town, had appeared before the assessors and submitted to their determination whether or not he was, in fact, a non-resident, and the assessors were held not to be trespassers in making the assessment upon the authority, in part, of *Lange* v. *Benedict* (73 N. Y., 12), where the court say: ".Whether or not the defendants' proceedings were so strictly regular that a sale of the land would have conveyed a title is not the question. The question is simply whether the defendants were utterly without jurisdiction and, therefore, liable." Thus clearly distinguishing between a case where title to property is affected and a case charging the officers with a personal tort.

The trustees and tax receiver must in this case have acquired and

maintained jurisdiction of the property by virtue of the statute, if at all, and not by the appearance of the plaintiff before them on grievance day. But the defendants insist that even if the proceedings of the tax receiver are irregular and invalid, still the assessment should be upheld. We have already seen that the irregularity of the assessment, in that it is a personal assessment, and not an assessment against the property, is a radical defect in the defendants' proceedings, which defeat the assessment. The assessment being void, the plaintiff was right in bringing his action to restrain the defendants' proceedings in the enforcement of this tax. Section 8 of chapter 68, Laws of 1880, provides that a sale by the tax receiver, and the execution after two years of a deed to the purchaser, shall be " presumptive evidence that the sale and all proceedings prior thereto from and including the assessment of the lands were regular ; " this would be a cloud upon the plaintiff's title, and would call upon him, if he attacked the sale, to rely upon extrinsic proof *aliunde* the record to defend his title. The same section authorizes any person interested in the property upon which an assessment has been made to bring an action to restrain the sale. The action was, therefore, properly brought, and, as we think, properly disposed of by the learned justice at the trial.

The judgment must be affirmed, with costs.

LEARNED, P. J., concurred ; LANDON, J., not acting.

Judgment affirmed, with costs.