## HERBERT ROOT *vs.* RODERICK ROSE, *et al.*

Opinion filed October 18th, 1897.

**Malicious Prosecution—Probable Cause.**

In an action for malicious prosecution, probable cause is, as a general rule, conclusively established by the fact that in the proceeding charged to have been instituted and carried on without probable cause the decision was adverse to the defendant therein, despite the fact that such decision has been reversed, and such defendant has finally succeeded in the case.

**Conviction Procured by Fraud Not Conclusive.**

If, however, the prosecutor of such proceeding (the defendant in the action for malicious prosecution) procured the decision therein through fraud, such decision is not conclusive on the question of probable cause.

**Conclusiveness of Court's Finding After Reversal.**

Where, upon uncontroverted facts, a prosecution to punish a person for contempt, and to disbar him, was set on foot, *held* that the decision of the District Court that such facts warranted a conviction for contempt and the disbarment of the defendant is conclusive on the question of probable cause, although such decision was subsequently reversed by the Supreme Court.

**Judge Not Liable to Civil Action for Judicial Act.**

The judge of a superior court is not liable in a civil action for damages on account of any judicial action taken by him in a proceeding before him as such judge, in which he had jurisdiction; and the fact that it is charged that he acted corruptly does not affect this principle.

**Judge Acting Without Jurisdiction Not Liable.**

It would seem (but the point is not decided) that, even in a case where the court of which he is judge had no jurisdiction of the subject-matter, he is not liable unless the want of jurisdiction is so palpable that it is obvious that he could not honestly assume to act as judge in such matter.

**Effect of Allegation of Official Misconduct.**

The fact that it is alleged that the judge who rendered the decision which was afterwards reversed not only acted corruptly in deciding the case, but also was himself one of the instigators of the prosecution, does not establish any cause of action against him. Probable cause being shown by the decision against the plaintiff in the suit for malicious prosecution, it is not competent to prove the misconduct of the judge as a ground for overthrowing the conclusive force of such decision on the question of probable cause.

Appeal from District Court, Barnes County; *Glaspell*, J.

Action by Herbert Root against Roderick Rose, Herman

Winterer, E. H. Briggs, and Herman O. Sterl. Judgment for defendants upon their demnrrer to the complaint dismissing plaintiff's action. Plaintiff appeals.

Affirmed.

*Herbert Root,* for appellant.

The complaint avers a conspiracy to unlawfully vex, annoy, persecute and damage plaintiff in his person and property. This is an actionable wrong. *Stewart* v. *Cooley,* 23 Minn. 347. This court has held that defendants' acts were not "due process of law." *State* v. *Root,* 5 N. D. 487, 67 N. W. Rep. 590. Judges are liable for civil damages when acting without jurisdiction of the subject-matter. *Bradley* v. *Fisher,* 13 Wall. 335; *Lange* v. *Benedict,* 73 N. Y. 12; *McCall* v. *Cohen,* 16 S. C. 444; *Busteed* v. *Parsons,* 54 Ala. 393, 12 A. & E. Enc. L. 33; *Calder* v. *Halkett,* 3 Moore's Privy Coun. Cas. 73; 1 Addison on Torts, § 697 pg. 651; 3 Lawson R. R. & Pr. 1841, § 1075; Bigelow on Torts 125; Jaggard on Torts 123. The officers who enforced the void order are also liable. *Bigelow* v. *Stearns,* 19 Johns 39; *Savacal* v. *Boughton,* 5 Wend. 172; *Com.* v. *Martin,* 105 Mass. 178; *Vredenburgh* v. *Hendricks,* 17 Barb. 183, 22 A. & E. Enc. L. 531; *Batchelder* v. *Currier,* 45 N. H. 460.

*Roderick Rose,* and *Winterer & Winterer* for respondent.

The District Court had jurisdiction of the subject-matter of contempts. Sections 5112, 5222, 5251, 5174, 5185, 7200, and 7850, Comp. Laws. Also over the subject-matter of the disbarment of attorneys. Sections 472, 477, Comp. Laws. Jurisdiction of the subject-matter is the power lawfully conferred to deal with the general subject involved in the action. *Hunt* v. *Hunt,* 72 N. Y. 217; *Cooper* v. *Reynolds,* 10 Wall. 308; Mechem on Public Officers 625; 1 Beach Eq. Pr. 13; Cooley Const. Lim. 499. The defendant Rose cannot be held liable in damages for an act done by him as judge, however erroneous the act may have been. *Bradley* v. *Fisher,* 13 Wall. 335; *Yates* v. *Lansing,* 5 Johns 291; *Lang* v. *Benedict,* 73 N. Y. 12; *Cooke* v. *Bangs,* 31 Fed. Rep. 640; *Stewart* v.

*Cooley,* 23 Minn. 347; *Terry* v. *Wright,* 47 Pac. Rep. 905; *Busted* v. *Parsons,* 25 Am. Rep. 688; *Austin* v. *Vrooman,* 28 N. E. Rep. 477; *State* v. *Wolever,* 26] N. E. Rep. 762; *Rains* v. *Simpson,* 32 Am. Rep. 609; *Hughes* v. *McCoy,* 19 Pac. Rep. 674; *Irwin* v. *Lewis,* 56 Ala. 190; *Kress* v. *State,* 65 Ind. 106; *Turpen* v. *Booth,* 56 Cal. 65; *Weaver* v. *Devendorf,* 3 Den. 114; *Stone* v. *Graves,* 8 Mo. 148; *Londegan* v. *Hammell,* 30 Ia. 508; *Booth* v. *Kurrus,* 55 N. J. L. 370, 26 At. Rep. 1013; *Bamster* v. *Wakeman,* 23 At. Rep. 385; Cooley on Torts, 403–416. Judges are not liable in damages for acts in excess of but not in complete absence of jurisdiction. *State* v. *Wolever,* 26 N. E. Rep. 762; *Pickett* v. *Wallace,* 57 Cal. 555; *Rutherford* v. *Holmes,* 66 N. Y. 368; *Truesdale* v. *Combs,* 33 Ohio St. 186; *Bigelow* v. *Stearns,* 19 Johns 38; *Piper* v. *Pearson,* 2 Gray 120. Officers as essential parts of the court are likewise exempt from civil liability. *Taylor* v. *Bidwell,* 65 Cal. 489, 4 Pac. Rep. 491; *Bostwick* v. *Lewis,* 2 Day (Conn.) 447; *Dunlap* v. *Glidden,* 31 Me. 435; *Severance* v. *Jedkins,* 73 Me. 376; *Garing* v. *Frazer,* 76 Me. 37; *Phelps* v. *Stearns,* 4 Gray 105; *Curtis* v. *Fairfield,* 16 N. H. 542; *Smith* v. *Lewis,* 3 Johns 157; *Jones* v. *McCaddin,* 34 Hun. 632; *Cunningham* v. *Braun,* 18 Vt. 123; *Bell* v. *Senneff,* 83 Ill. 122; *Turpen* v. *Booth,* 56 Cal. 68; *Downs* v. *Lent,* 6 Cal. 95; *Gordon* v. *Farren,* 2 Dougl. (Mich.) 411, 1 Waits Pr. 227. The defendant Winterer as states attorney cannot be held liable for his official act, because the court had jurisdiction of the case and he cannot be held liable for executing the court's order. Bishop's Non-Contract Law 792. *Marks* v. *Townsend,* 97 N. Y. 590; *Melten* v. *Adams,* 52 N. Y. 409; *Murphy* v. *Walters,* 34 Mich. 180; *Fenelon* v. *Butts,* 49 Wis. 342; *Hahn* v. *Schmidt,* 64 Cal. 284; *Fisher* v. *Langbein,* 103 N. Y. 84; *Dusy* v. *Helin,* 59 Cal. 188. The defendant Sterl, as clerk of court, cannot be held liable, the rule is that "a ministerial officer who performs in the prescribed manner and with due care and diligence an act imposed by law incurs no liability to an individual injured thereby." Mechem on Pub. Officers § 661; *Highway Com'rs.* v, *Ely,* 54 Mich. 175; *Sage* v.

*Laurain*, 19 Mich. 137; 1 Jaggard on Torts 127. The same protection extends to the sheriff. Mechem on Pub. Officers, §§ 745, 768; Cooley on Torts 460. The charge of conspiracy in the complaint does not change the nature of the action or add to its legal effect. The test as to whether such action will lie is whether or not the act accomplished after the conspiracy has been formed is itself actionable. *Delz* v. *Winfre*, 80 Tex. 400, 26 Am. St. Rep. 755; *Robertsou* v. *Parks*, 24 At. Rep. 411; *Kimball* v. *Harman*, 6 Am. Rep. 340; *Laverty* v. *Vanarsdale*, 65 Pa. St. 507; *Hutchins* v. *Hutchins*, 7 Hill 104; Cooley on Torts 125; *City* v. *Simmons*, 23 N. E. Rep. 211; *Race* v. *Coolidge*, 121 Mass. 393; *Van Horn* v. *Van Horn*, 20 At. Rep. 485; *Stevens* v. *Rowe*, 59 'N. H. 578. The allegation of conspiracy is mere surplusage, and is not necessary to support the action. *Mapstrick* v. *Ramge*, 9 Neb. 390; *Strout* v. *Packard*, 76 Me. 156; *Laverty* v. *Vanarsdale*, 65 Pa. St. 507; *Hutchins* v. *Hutchins*, 7 Hill 104; *Verplanck* v. *Van Buren*, 76 N. Y. 259; *Jones* v. *Baker*, 7 Cow. 445; *Sheple* v. *Page*, 12 Vt. 519. Proof of conspiracy is not necessary to a recovery even when alleged. *Buffalo L. O. Co.* v. *N. Y. S. O. Co.*, 42 Hun. 156; *Buffalo L. O. Co.* v. *Everest*, 30 Hun. 586; *Hutchins* v. *Hutchins*, 7 Hill 167; *Van Horn* v. *Van Horn*, 56 N. J. L. 318.

CORLISS, C. J. The complaint in this case presents, upon a superficial reading of it, a strange medley of conspiracy, false imprisonment, malicious prosecution, slander, and other unlawful invasions of the plaintiff's rights. Distinct causes of action appear to succeed each other in rapid succession, each making its separate claim for heavy damages for the wrong it essays to charge against the parties to this alleged conspiracy, the defendants in this case. If the sufficiency of the pleading is to be tested by the number and character of the adjectives employed by the pleader, —if the marshaling of a formidable array of intense epithets can obscure or change the character of the facts which are spread upon the face of the complaint, or alter the legal rules which apply to such facts, then, indeed, has the plaintiff stated a cause of action entitling him, if sustained by evidence, to the recovery

of very heavy damages. A dark and foul conspiracy has been formed and executed by the defendants, having for its object the malicious prosecution of the plaintiff, his unlawful arrest, his incarceration in a noisome prison, the defamation of his character, and the wresting from him of the privilege of following the profession of the law for a livelihood by accomplishing his disbarment. So runs the complaint in its theory. But when we read its admitted facts in the light of legal principles hoary with time and of universal recognition, we can find nowhere within its four corners any charge of an actionable wrong. An examination of the pleading as a whole discloses the fact that there is only one conspiracy alleged, and only one series of acts performed in furtherance thereof. Therefore all artificial lines dividing the complaint into different causes of action must be obliterated. With these arbitrary barriers removed, and the facts stripped of the disguise of verbiage by which the plaintiff has attempted to alter their character and legal effect, we find ourselves in the presence of a very simple case. The defendants are charged with having confederated together for the unlawful purpose of harassing and damaging the plaintiff by means of certain proceedings in court; and it is alleged that in pursuance of said conspiracy the defendants procured from third persons certain affidavits, and on the basis of such affidavits had the plaintiff prosecuted for contempt of court, and to secure his disbarment as a practicing attorney; that, as a result of such prosecution, he was imprisoned, and finally adjudged guilty of contempt of court, and disbarred; that on appeal to the Supreme Court the judgment in the disbarment proceedings and the order in the contempt proceedings were reversed; and that ultimately such proceedings terminated in his favor. It is thus seen that the action is for malicious prosecution, and for malicious prosecution only. There was no false imprisonment, for plaintiff's arrest was in a proceeding in court over which the court had jurisdiction, and, in which an arrest was proper, so far as the contempt proceedings were concerned.

The charge of conspiracy adds nothing to the case. A con-

spiracy, if proved, might augment the damages; but it would not of itself transmute nonactionable into actionable facts. If that which was in fact done by the conspirators was not a legal wrong, the circumstance that the defendants entered into a confederation to accomplish the result which actually was accomplished, and that all that was done was done under and in furtherance of the conspiracy, is entirely immaterial. *Delz* v. *Winfree*, 80 Tex. 400, 16 S. W. Rep. 111; *Kimball* v. *Harman*, 34 Md. 407; *Hutchins* v. *Hutchins*, 7 Hill, 104; Cooley, Torts, 125; *City of Boston* v. *Simmons*, (Mass.) 23 N. E. Rep. 211; *Rice* v. *Coolidge*, 121 Mass. 393; *Van Horn* v. *Van Horn* (N. J. Sup.) 20 Atl. Rep. 485; *Stevens* v. *Rowe*, 59 N. H. 578; *Robertson* v. *Parks*, 76 Md. 135, 24 Atl. Rep. 411; *Lavarty* v. *Vanarsdale*, 65 Pa. St. 507.

It is doubtful whether the complaint contains a sufficient allegation as to want of probable cause; but it is immaterial whether it does or not for it also contains another averment which is fatal to that allegation. The plaintiff himself sets forth the facts that the decision of the District Court in both the contempt and the disbarment proceedings was adverse to him; and that it was only after an appeal that it appeared that he should not have been punished for contempt, and aught not to have been disbarred. Having failed to allege that the judgment against him was obtained by the unfair devices of the defendants, or any of them, imposing upon the court, and deceiving it as to the facts, his admission that the original decision was against him is conclusive on the point that there was probably cause for the contempt and disbarment proceedings complained of. Here was no misrepresentation as to facts by the defendants knowing them to be false, no artifices used by them to keep witnesses from the court, no fraudulent practices preventing an investigation of the case on its merits; but only the insistence by them on conceded, or at least uncontroverted facts, that the plaintiff had rendered himself amenable to the court for contempt, and had forfeited his privilege to pursue further the practice of the law. Plaintiff does not claim that the facts which were presented against him were false,

but only that they did not in law constitute a sufficient ground for an adverse decision in either of the proceedings which were in fact instituted against him. The basis of his claim is that the defendants set on foot a prosecution which they had no right to assume could be maintained under the law, but which a court of competent jurisdiction decided to be well supported by legal rules and principles. That the decision of the District Court that the facts established, and which are not here controverted, constituted a good reason in law for the judgment which was rendered in the contempt and disbarment proceedings is conclusive in this action on the question of probable cause, has the support of an unbroken line of adjudications from the decision in *Reynolds* v. *Kennedy*, 1 Wils. 232, to the present time. *Whitney* v. *Peckham*, 15 Mass. 243; *Burt* v. *Place*, 4 Wend. 591; *Boogher* v. *Hough*, 99 Mo. 183, 12 S. W. Rep. 524; *Crescent City Live-Stock Co.* v. *Butchers' Union Slaughter-House Co.*, 120 U. S. 141, 7 Sup. Ct. 472; *Herman* v. *Brookerhoff*, 8 Watts. 240; *Griffis* v. *Sellars*, 15 N. C. 177; *Spring* v. *Besore*, 12 B. Mon. 551; *Witham* v. *Gowan*, 14 Me. 362; *Payson* v. *Caswell*, 22 Me. 212; *Bacon* v. *Towne*, 4 Cush. 217; *Parker* v. *Huntington*, 7 Gray, 36; *Clements* v. *Excavating Co.* (Md.) 10 Atl. Rep. 442; *Phillips* v. *Village of Kalamazoo*, (Mich.) 18 N. W. Rep. 547; *Morrow* v. *Manufacturing Co.* (Mass.) 43 N. E. Rep. 105; *Dennehy* v. *Woodsum*, 100 Mass. 195; *Adams* v. *Bicknell* (Ind. Sup.) 25 N. E. Rep. 804; *Palmer* v. *Avery*, 41 Barb. 290; *Miller* v. *Deere*, 2 Abb. Prac. 1; *Womack* v. *Circle*, 32 Grat. 324; *Kaye* v. *Kean*, 18 B. Mon. 839; *Welch* v. *Railroad Corp.*, 14 R. I. 609; Cooley, Torts, 185; Newell, Mal. Pros. 291 *et seq.*; *Bitting* v. *Ten Eyck*, 82 Ind. 421. See, also, *Womack* v. *Circle*, 29 Grat. 192; *Kirkpatrick* v. *Kirkpatrick*, 39 Pa. St. 288; *Ross* v. *Hixon* (Kan. Sup.) 26 Pac. Rep. 955. No different doctrine was established in *Goodrich* v. *Warner*, 21 Conn. 432. All that was claimed there was that an adverse decision was, after reversal, at least some evidence of probable cause. Whether it would be conclusive evidence in the absence of fraud on the part of the defendant in the action for malicious prosecution was not involved. Nor do the decisions in Iowa,

although departing somewhat from the doctrine supported by the overwhelming weight of authority, lay down any rule which would take from the judgment rendered in the contempt and disbarment proceedings, despite the subsequent reversal thereof, its force as conclusive evidence of probable cause. Here, then, is no possibility of claiming that the decision was brought about by the wrongful conduct of the defendants causing an error as to the facts, for the theory of the case is that the ground of reversal was that the conceded facts did not justify the judgment rendered. The solemn judgment of the court in a proceeding that uncontroverted facts establish a particular liability should, although reversed by a higher tribunal, be conclusive evidence that those who instituted the proceeding had probable cause for believing that such facts created such liability. An examination of the Iowa cases will disclose the fact that they enunciate no principle which is inimical to our decision on this branch of the case. *Olson* v. *Neal* (Iowa) 18 N. W. Rep. 863; *Bowman* v. *Brown* (Iowa) 3 N. W. Rep. 609; *Moffat* v. *Fisher*, 47 Iowa, 473.

These considerations dispose of the case so far as three of the defendants are concerned. The action is against the sheriff, the state's attorney, and the clerk of the District Court of Barnes county, in this state, and also the Honorable Roderick Rose, formerly district judge of the Fifth judicial district, which includes within its boundaries the County of Barnes. The clerk, sheriff, and state's attorney are clearly not liable. The only remaining question is whether the complaint sets forth a liability with respect to Judge Rose. That for any judicial act the judge of a superior court can never be held responsible in a civil action for damages, even when he acts corruptly, is one of the elements of the common law, and on its unimpaired preservation rests the security of republican government. The reasons which underlie this great and salutary principle have been so often marshaled by abler pens, that nothing will excuse the reiteration of them here. Cooley, Torts, 403 *et seq.*; *Lange* v. *Benedict*, 73 N. Y. 12; *Bradley* v. *Fisher*, 13 Wall. 335; *Grove* v. *Van Duyn*, 44 N. J. Law, 654;

*Terry* v. *Wright*, (Colo. App.) 47 Pac. 905; *Banister* v. *Wakeman*, 64 Vt. 203, 23 Atl. Rep. 585; *Booth* v. *Kurrus*, 55 N. J. Law, 370, 26 Atl. Rep. 1013; *Stewart* v. *Cooley*, 23 Minn. 347; *Rains* v. *Simpson*, 50 Tex. 495; *Fray* v. *Blackburn*, 3 Best & S. 576; *Randall* v. *Brigham*, 7 Wall. 523; *Munster* v. *Lamb*, 49 Law T. (N. S.) 253; *Cooke* v. *Bangs*, 31 Fed. Rep. 640; *Yates* v. *Lansing*, 5 Johns, 281; *State* v. *Wolever* (Ind. Sup.) 26 N. E. Rep. 762; *Austin* v. *Vrooman*, (N. Y. App.) 28 N. E. Rep. 477.

The single inquiry is left whether the fact that it is averred that Judge Rose instigated the prosecution against the plaintiff renders him liable when, but for this fact, he could not be sued. It is obvious that, if Judge Rose had caused a proceeding of the character carried on before him to be commenced before another district judge, he (Judge Rose) would not have been liable under the facts of this case, however wrongful the motive of the other district judge might have been in rendering a decision against the plaintiff in such proceeding. No inquiry can be made into the honesty of the decision of a court when that decision is interposed as conclusive evidence of probable cause. Said the court in *Crescent City Live-Stock Co.* v. *Butcher's Union Slaughter-House Co.*, 120 U. S. 141, 7 Sup. Ct. 472: "But the rule in question, which declares that the judgment or decree of a court having jurisdiction of the parties and of the subject-matter in favor of the plaintiff is sufficient evidence of probable cause for its institution, although subsequently reversed by an appellate tribunal, was not established out of any special regard to the person of the party. As we have already seen, it will avail him as a complete defense in an action for a malicious prosecution, although it may appear that he brought his suit maliciously for the mere purpose of vexing, harassing, and injuring his adversary. The rule is founded on deeper grounds of public policy in vindication of the dignity and authority of judicial tribunals constituted for the purpose of administering justice according to law, and in order that their judgments and decrees may be invested with that force and sanctity which shall be a shield and protection to all parties and

persons in privity with them.   The rule, therefore, has respect to the court, and to its judgment, and not to the parties, and no misconduct or demerit on their part, except fraud in procuring the judgment itself, can be permitted to detract from its force.   It is equally true and equally well settled in the foundations of the law that neither misconduct nor demerit can be imputed to the court itself.   It is an invincible presumption of the law that the judicial tribunal, acting within its jurisdiction, has acted impartially and honestly.  The record of its proceedings imports verity. Its judgments cannot be impugned except by direct process from superior authority.   The integrity and value of the judicial system as an institution for the administration of public and private justice rests largely upon this wholesome principle." See, also, *Bacon* v. *Towne*, 4 Cush. 217, 236.   As Judge Rose would not be liable at all in the supposed case, it is plain that the only ground on which he can be held liable in the case at bar is that he himself was guilty of corruption in the decision of the contempt and disbarment proceedings against the plaintiff.   It is thus made apparent that the real foundation of the recovery against Judge Rose sought by this suit is the alleged misconduct of a judge of a court of superior jurisdiction in this state while acting in the performance of the duties imposed upon him by law.   Of what value to the public interests is the rule which throws absolute immunity around judicial officers if it is to be gradually frittered away by exceptions of the character which it is here urged take this case out of the general rule.   Proof that a judge instigated a prosecution is no more than evidence of malice and corruption at the most.   But the law will not permit these facts, or any facts, to be established against a judge as the basis of civil liability for misconduct in the performance of his judicial duties. It is strictly in the line of a judge's duty to see to it that proceedings to punish for contempt and proceedings to disbar dishonest attorneys are instituted by the proper persons or authorities.   A judge having knowledge of facts, or believing that there exist facts, warranting the punishment of a person for contempt of court, or calling for

the disbarment of an attorney at law, certainly owes a duty of appraising the proper officer, or some suitable person or body, of such facts, and urging that steps be taken to vindicate the supremacy of the law. He cannot himself institute or carry on such proceedings. And yet how can he discharge his duty with fidelity to the large public interests at stake in cases of this kind if he may be called to account for his conduct, and made to pay heavy damages, because a jury shall forsooth guess that he acted corruptly, and not for the general good ? It is urged that Judge Rose is liable because he did not have jurisdiction of the subject-matter. Where there is a palpable want of jurisdiction over the subject-matter,—as in case a county judge should try a person for murder,—it might be claimed that he did not in fact act as a judge, and could not have considered that he was so acting. But we do not wish to be understood as holding that in every case where the court has no jurisdiction of the subject-matter the judge thereof is liable for acts performed by him as judge. It will not do to assert that he never can act as judge where he has no jurisdiction of the subject-matter, as the question whether such jurisdiction exists is not infrequently a question difficult of solution, and in every instance a judge does in fact act as a judge in determining whether, in the particular case, jurisdiction over the subject-matter exists, unless perhaps in those rare instances in which the assumption of jurisdiction is so extravagant as to preclude any possibility that the judge ever thought he was acting as such. See *Bradley* v. *Fisher,* 13 Wall. 335; *Lange* v. *Benedict,* 73 N. Y. 12; *Grove* v. *Van Duyn,* 44 N. J. Law, 654. However, we need express no opinion on this point whether a judge can claim protection when it is finally established that he had no jurisdiction over the subject-matter. In the case at bar the jurisdiction of the District Court over the general subject-matter of punishing for contempt of court, and over proceedings for the disbarment of attorneys, at the time such proceedings were instituted, does not admit of question. This constitutes jurisdiction over the subject-matter. *Hunt* v. *Hunt,* 72 N. Y. 217; *Cooper* v.

*Reynolds*, 10 Wall. 308, 316; *Lange* v. *Benedict*, 73 N. Y. 12. Whether the facts set forth in those proceedings presented a case of contempt of court or a case warranting the disbarment of the plaintiff, was a question of law to be decided by the court, the same as any other legal question; but the decision was made in a case in which full jurisdiction over the person and the subject-matter was by law vested in the court rendering such decision. We deem it due to Judge Rose to say that there was nothing in the decision by him of the contempt and disbarment proceeding, which was subsequently reversed by this court, savoring in the remotest degree of corruption or misconduct in office

The order sustaining the demurrer to the complaint and the judgment based thereon are affirmed. All concur.