W. J. RICHTER, Respondent, v. FARMERS' STATE BANK, a Corporation, Charles Mack, G. J. Bohle and F. J. Graham, Appellants.

(195 N. W. 552.)

**Malicious prosecution — questions as to dismissal of prosecution, want of probable cause and malice held for jury; evidence held to sustain verdict.**

In an action for malicious prosecution where plaintiff had been arrested upon a criminal complaint charging him with embezzlement of about $780, and where, upon trial of the criminal case the trial court, after the state had submitted its case, granted a motion of the state's attorney for dismissal, it is *held*, for reasons stated in the opinion, that the questions presented, concerning the dismissal of the criminal action, a want of probable cause, the fair

Note.—When action sufficiently at an end to support a suit for malicious prosecution therefor, see notes in 2 L.R.A.(N.S.) 928; 39 L.R.A.(N.S.) 1215; 18 R. C. L. 58; 3 R. C. L. Supp. 783; 4 R. C. L. Supp. 1177; 5 R. C. L. Supp. 971.

As to whether the question of probable cause for the court or jury in action for malicious prosecution, see notes in L.R.A.1915D, 1; L.R.A.1918A, 872; 24 A.L.R. 261; 18 R. C. L. 30; 3 R. C. L. Supp. 778; 4 R. C. L. Supp. 1175.

disclosure of the facts to counsel, and the existence of malice were for the jury and that the verdict has support in the evidence.

Opinion filed October 13, 1923.

Malicious Prosecution, 26 Cyc. pp. 84 n. 14; 108 n. 16; 110 n. 24; 111 n. 36.

In District Court, Dickey County, *Englert,* J.

Action to recover damages for malicious prosecution.

Defendants have appealed from a judgment and an order denying judgment non obstante or, in the alternative, for a new trial.

Affirmed.

*F. J. Graham* and *L. T. Van Slyke,* for appellants.

"In an action for a malicious prosecution, the plaintiff must prove by the record, or a copy thereof, the proceedings in the prosecution against him, and his acquittal.

"In an action for malicious prosecution, the plaintiff counted on three distinct prosecutions, and three acquittals; but the justice's record showed an arraignment and discharge of the plaintiff in one case only. Held, that parol evidence was not admissible to show that the plaintiff was prosecuted, arraigned and discharged on three complaints, although the justice was no longer in office and had declined to make up any further record of the proceedings." Sayles v. Briggs, 45 Mass. 421.

"A record is a memorial or history of the judicial proceedings in a case, commencing with the writ or complaint, and terminating with the judgment; and the design is, not merely to settle the particular question in difference between the parties, or the government and the subject, but to furnish fixed and determinate rules and precedents for all future like cases. A record, therefore, must be precise and clear, containing proof within itself of every important fact on which the judgment rests; and it cannot exist partly in writing and partly in parol. Its allegations and facts are not the subject of contradiction. They are received as the truth itself, and no averment can be made against them, nor can they be varied by parol." Co. Litt. 260 a. Com. Dig. Record, A. F.

"But records, like other documents, are exposed to casualties, and, like them, may also be misplaced or lost; or, owing to the accidents

which continually occur, the record may not, in a given instance, have been extended from the minutes of the proceedings. And the cases are abundant to show that a lost record, like a lost deed, may be proved by parol; and that the minutes may be introduced, where the record has not been drawn out in extenso, as containing the elements of the record, and, in truth, for the time being, the record itself." 2 Saund. Pl. & Ev. 661; Davidson v. Slocumb, 18 Pick. 466.

"An agreement or promise on the part of the district court to dismiss an action does not constitute such a dismissal." In discussing this case in the latter part of the opinion the court says as follows: "So, too, there is no evidence in the record of any such dismissal but merely of a promise by the court to dismiss the action upon the doing of certain things which it was for the court by a subsequent order to determine had been done. A promise to make an order rendering a certain judgment is not in law the making of such order or the entering of such judgment." State v. Nolan, 26 N. D. 32, 143 N. W. 143.

"In certiorari proceedings, the duly authenticated transcript of the record and proceedings kept by the inferior tribunal, and returned to the superior court in obedience to the writ, imports verity, and cannot be contradicted by the parol return of the officer who made the record; and this prohibition extends to all necessary presumptions arising from the record." Re Dance, 2 N. D. 184; Crane v. First Nat. Bank, 26 N. D. 268, 144 N. W. 96.

The clerk's minutes do not constitute a written decision. Boyd v. Lemmon (N. D.) 198 N. W. 68.

"The record constitutes the evidence of the action of a court and a memorandum and an oral announcement of the dismissal of an action do not operate as such until entered of record. The court calendar is not a record but is in the nature of a private memorandum book for the convenience of the judge and the clerk." State v. Manley (Ia.) 19 N. W. 211.

"Entry on record and setting aside. In order that a prosecution may be effectually withdrawn by a nolle prosequi, so as to prevent retraction and subsequent prosecution on the charge, the withdrawal must be entered on the record." 16 C. J. 435, § 790.

"Oral evidence by a justice of the peace as to what judgment had been rendered by him in a given action is inadmissible as not the best

evidence in the absence of any proof that the record of the justice had been lost or destroyed." Miller v. Durst (S. D.) 86 N. W. 631.

"An order by the court in a criminal case that the prosecuting attorney having filed 'reasons therefor he have leave not to file an information' is a final order and an end of the prosecution." Spalding v. Lowe (Mich.) 23 N. W. 46.

"The record of a court imports verity, and cannot be contradicted by parol evidence. Accordingly, evidence that no witnesses were sworn or hearing had before a probate judge as stated in the records of the probate court is inadmissible." Miller v. Chicago etc. R. Co. 41 Fed. 898; 10 R. C. L. 1028, § 220.

"Record of Original Proceeding. The records of the original proceeding, the judgment, the findings of a court or the jury favorable to plaintiff, his acquittal or discharge, and the discontinuance of the original proceeding have been held on the one hand to be admissible to prove a final termination and nothing else." 26 Cyc. p. 94.

"In a declaration for malicious prosecution, an allegation that, plaintiff was bound over by a court of competent jurisdiction and indicted, is prima facie evidence of probable cause, which can only be negatived by the averment of some additional fact showing that the binding over and indictment were procured by undue means; a general allegation that the prosecution was without probable cause being insufficient." Giusti v. Del Papa (R. I.) 33 Atl. 525.

"That plaintiff, in an action for malicious prosecution, was held by the magistrate on his preliminary examination, wherein witnesses were examined, both on behalf of the state and plaintiff, to answer at the next term of circuit court, affords a prima facie case of probable cause. Such prima facie case being subject to overthrow by evidence that his binding over was procured by fraud or other improper means." Putnam v. Stocker (Or.) 91 Pac. 363.

"The decision of an examining magistrate in binding over to the district court a person accused of a felony is prima facie evidence of probable cause for the prosecution but is not conclusive." Bechel v. Pac. Exp. Co. (Neb.) 91 N. W. 853.

"Want of probable cause. Necessity of affirmative proof. The want of probable cause cannot be inferred from the existence of malice, but must be expressly shown, so that evidence of malice is inadmissible

to show the want of probable cause." Hightower v. Union Sav. & T. Co. (Wash.) 152 Pac. 1015.

"The motive prompting a criminal prosecution is immaterial on the ground of public policy in an action for malicious prosecution, where probable cause for the prosecution actually existed." Haddad v. Chesapeake & O. R. Co. (W. Va.) L.R.A.1916F, 98.

"In an action for malicious prosecution, plain newspaper accounts, without comment, of the prosecution and arrest of the plaintiff are admissible in evidence; but where the defendant was not responsible for such articles, all matters therein save facts that could be ascertained from the complaint charging the offense and the proceedings had thereon are irrelevant and inadmissible where they would tend to prejudice the defendant before the jury." Baer v. Chambers (Wash.) 121 Pac. 843, 29 Ann. Cas. 559.

"While a court may draw all the inferences which legally and naturally follow from proven facts, it cannot infer facts not proven." Re Taylor (S. D.) 165 N. W. 1079.

*E. E. Cassels,* and *W. S. Lauder,* for respondent.

It will be conceded that in an action to recover damages for the malicious prosecution of a criminal case the burden rests upon the plaintiff to prove by a preponderance of the testimony three essential facts, to-wit: (1) that the criminal action has been terminated favorably to plaintiff (defendant in the criminal action), (2) that the criminal action was instituted maliciously, and (3), that the criminal action was instituted without probable cause. Merchant v. Pielke, 10 N. D. 48, and authorities cited in that opinion.

"The prosecution on which the action is based must have been terminated without resulting in the conviction of the plaintiff. It is sometimes said that it must have terminated in his acquittal but this is not true. A trial on the merits or otherwise is not essential. It is sufficient that the prosecution has ended so that it cannot be reinstated nor further maintained without commencing a new proceeding, but it must have terminated in some of the modes in which it is possible for criminal proceedings to reach a stage beyond which the accused cannot be further prosecuted therein." Ross v. Hixon, 26 Am. St. Rep. 123, note; Casebeer v. Drahoble, 13 Neb. 465; McWilliams v. Hoban,

42 Md. 56; Ballock v. Randall, 76 Ill. 224; Gillespie v. Hudson, 11 Kan. 163; Schippel v. Norton, 38 Kan. 567.

It was at one time, in some jurisdictions, questioned whether the entry of nolle prosequi would support an action for malicious prosecution, but the modern authorities are all to the effect that even the entry of nolle prosequi is such a termination of the action as entitles the accused to maintain an action for malicious prosecution. When it is manifest from the record that the prosecution is at an end and cannot be revived, it is not material how it came to its end, and the right of the party injured by it to seek redress in an action for malicious prosecution is complete. Kennedy v. Holladay, 25 Mo. App. 503; Lowe v. Wartman, 47 N. J. L. 413; Brown v. Randall, 35 Conn. 56, 4 Am. Rep. 35; Yocum v. Polly, 1 B. Mon. 358, 36 Am. Dec. 583; Hatch v. Cohen, 84 N. C. 602, 37 Am. Rep. 630; Briggs v. Burion, 44 Vt. 124; Graves v. Dawson, 130 Mass. 78, 39 Am. Rep. 429, 133 Mass. 419; Woodsworth v. Mills, 61 Wis. 44, 50 Am. Rep. 135; Richter v. Koster, 45 Ind. 440.

"When a prosecution before a magistrate is abandoned and the defendant discharged, he can sue for malicious prosecution." Murphy v. Moore (Pa.) 10 Cent. Rep. 92.

"A prisoner may be discharged from custody after a hearing upon a writ of habeas corpus if the legal effect of his discharge is such that the prosecution against him can be carried no further it must necessarily be such a termination as will justify the commencement of a civil action for redress." Zebly v. Storey, 117 Pa. 478.

"The effect of a nolle prosequi when obtained is to put the defendant without day but it does not operate as an acquittal for he may be afterwards re-indicted, and it is said, even upon the same indictment fresh process may be awarded." 2 Mass. 172, 4 Cush. 235; Bouvier's Law Dict. 299.

"The malice necessary to sustain this action (an action for malicious prosecution) is not express malice or a specific desire to vex or injure from malevolence or motives of ill will but the wilful doing of an unlawful act to the prejudice of another." Johnson v. Ebberts, 11 Fed. 129.

Any other motive than a bona fide purpose to bring the accused to punishment as a violator of the criminal law, or associated with such

bona fide purpose is malicious. There need be no personal ill will, hatred, desire for revenge or other base or malignant passion. Whatever is done wilfully and purposely, whether the motive be to injure the accused or to gain some advantage to the prosecutor or through mere wantonness or carelessness if it be at the same time wrong and unlawful within the knowledge of the actor, it is in legal contemplation maliciously done. Jordan v. Alabama, etc. R. Co. 81 Ala. 220; Wills v. Noyes, 12 Pick. 324; Pullen v. Glidden, 66 Me. 202.

A prosecution brought to aid in the collection of a debt or to obtain possession of property and not to vindicate justice is malicious. Ross v. Langworthy, 13 Neb. 492; Krug v. Ward, 77, Ill. 603; Kelly v. Sage, 12 Kan. 109; Gabel v. Weisensee, 46 Tex. 131.

Evidence that a criminal prosecution was to accomplish some collateral purpose or to forward some private interest of the prosecutor is always admissible both to show the absence of probable cause and to create the inference that it was malicious, and that the real and chief object of the prosecutor was to obtain possession of property or the payment of the debt and the like. Schofield v. Ferrers, 47 Pa. 194; Paddock v. Watts, 116 Ind. 146, 9 Am. St. Rep. 832; Kimball v. Bates, 50 Me. 308; Tucker v. Gannon, 28 Neb. 196, 44 N. W. 440; Hiatt v. Kinkaid, 28 Neb. 721, 45 N. W. 236.

The submission to the jury of the question of the defendant's good faith in consulting the attorney who represented him in the civil litigation in the case under consideration was entirely favorable to defendant. Watt v. Gorey, 76 Me. 87; Merchants v. Pielke, 10 N. D. 48.

Neither is the second instruction complained of open to criticism. The rule is that: "To obtain the protection which the advice of an attorney affords, it is not enough to prove generally that all the facts were laid before him. The proof must show what facts were communicated, so that it may be seen whether the presentation was full and fair." Mercantile Co. v. Kyes (Colo. App.) 48 Pac. 663; Brooks v. Bradford, 4 Colo. App. 410, 36 Pac. 303; Railroad Co. v. Brown (Kan. Sup.) 48 Pac. 31; Clark v. Baldwin, 25 Kan. 84; Stevens v. Fassett, 27 Me. 266; 1 Jag. Torts, 621; Newell, Mal. Pros. 318, 325.

This instruction was also favorable to the defendant upon the evidence contained in the record.

The claim that a verdict is without support in the evidence cannot be maintained when the explicit and consistent testimony of one witness sustains it, even though a number of witnesses may as explicitly testify to the contrary. Taylor v. Jones, 3 N. D. 235.

"The effect of binding over or discharge by a magistrate of a party accused of crime frequently arises in the settlement of the question of presence or lack of probable cause. A distinction is made in the showing of probable cause between a mere binding over by a committing magistrate and an actual conviction of the accused party. In the latter case, as has been shown conviction will generally be held conclusive as to probable cause, in the absence of a showing that it was procured by fraud or false testimony. But the finding of a committing magistrate that an offense has been committed, and that there is probable cause to believe the defendant guilty thereof, is only prima facie and not conclusive evidence of probable cause, in an action for malicious prosecution, brought by such defendant after his discharge, against the complaining witness." 18 R. C. L. 42, Sec. 25.

'Statement.

BRONSON, Ch. J. This is an action to recover damages for malicious prosecution. The jury returned a verdict for $500 in plaintiff's favor. From the judgment entered thereupon, and from an order denying judgment non obstante, or, in the alternative, for a new trial, defendants have appealed. The facts are:—Plaintiff was cashier of defendant bank at Forbes, North Dakota, from February, 1917, to about January 1st, 1920. As such, he managed the bank and conducted in connection with the bank a sort of real estate, insurance and loan business out of which he received commissions in addition to his salary. In this business he used his own automobile under an oral agreement with the directors, as he claims, that the bank should pay its running expenses. In the fall of 1919 plaintiff sold his stock in the bank and tendered his resignation effective January 5th, 1920. On December 8th, 1919, plaintiff made to himself an expense check for $750.86 with the notation, "for car expense for three years, less $150 drawn out." On December 31st, 1919, he credited the amount of this check to his own account in this bank. As defendants claim in the testimony, this

was done without any bill being presented to the board of directors, without their knowledge or consent, and after the examining committee of the board of directors had adjourned. Plaintiff, in his testimony, admitted making a mistake of $100 in this expense account and other minor mistakes in calculations. After severing his connections with the bank, plaintiff went to his former home in Mapleton, Minnesota, with the knowledge of defendant's officers. He left in the bank a checking account, and with the bank, certain promissory notes belonging to his father. He took with him certain certificates of deposit issued by the bank to him. He then was the owner of certain real property in Dickey county, North Dakota. In March and October, 1920, plaintiff visited Forbes on business matters, called at the bank and talked with the officers of the bank. Again, in May, 1921, plaintiff visited Forbes and talked with officers of the bank. It appears that the directors began to investigate the actions of plaintiff as cashier. At stockholders and directors meetings in July, 1921, action was taken to continue such investigations. Certain notes which plaintiff had discounted were questioned. In correspondence had, plaintiff denied any liability thereon. During this year, plaintiff was sued by the bank to recover for bank funds claimed to have been wrongfully appropriated in subscribing to stock in a certain electric-light company. This action reached this court and was determined adversely to the bank's contentions. See Farmers State Bank v. Richter, 48 N. D. 1233, 189 N. W. 242. Later, it appears that the bank officers and directors determined that the facts disclosed warranted proceedings against plaintiff for the embezzlement of the proceeds of the expense check for $780.86. The state's attorney was consulted. He authorized the issuance of a criminal complaint charging the plaintiff with such embezzlement. Then, the plaintiff was at his home in Mapleton, Minneapolis. Accordingly, papers for the extradition of plaintiff were presented to the Governor by defendants' officers and directors. In these papers, such officers and directors made affidavit to the effect that plaintiff left this state secretly and was a fugitive from justice in Minnesota. Extradition was awarded and plaintiff was thereby returned to this state. Upon the criminal complaint issued, a full preliminary hearing was had in February, 1922, before a police magistrate, who, finding the existence of probable cause, bound the

defendant over to the district court to answer for the crime alleged. In February, 1922, a demand was served on plaintiff to refund $750.86, the amount claimed to have been embezzled, and also other sums aggregating some $8,000. After the preliminary hearing the bank brought action against plaintiff to recover such amounts. Plaintiff was arrested under arrest and bail proceedings. He furnished bail. This action was tried in October, 1922, and a verdict returned in the bank's favor for $325. In March, 1922, after arraignment and plea of not guilty by this plaintiff, trial of the criminal action was had in the district court. After the state had rested, the then defendant moved the court for an advised verdict of acquittal upon the ground that the evidence was insufficient to establish any embezzlement. A colloquy then took place between counsel and the court. The state asked permission to reopen the case so as to introduce further proof. This motion was granted and an adjournment taken. After the court reconvened, the State's Attorney frankly stated to the general effect that he did not believe a certain fact could be shown; that he did not believe the matter should go to the jury; and that the State moved that the case be dismissed. The court thereupon stated, "the motion of the State will be granted and the action will be dismissed." The court inquired whether the bondsmen should be exonerated. The State's Attorney replied that the bondsmen should be exonerated. The then defendant's counsel stated that defendant preferred a verdict of acquittal. Then the court inquired whether defendant objected to the motion. His counsel replied that defendant did not object but he would like to have a verdict of acquittal. Then the court said, — "I feel that the State has acted very fairly in this matter, realizing that they are here to do their public duty and not to prosecute anybody who may be innocent, and the fact that they have voluntarily come in here and asked the court to dismiss the action is an acquittal at the hands of the State and court and the court will make the order that the action be dismissed." In April, 1922, this action was instituted to recover $50,000 damages. Defendants, in separate answers, alleged misappropriation of the expense check for $750.86; their full and bona fide statement of all the facts to the State's Attorney and to an attorney; the advise of attorneys and the issuance of the criminal complaint and their action without malice and in good faith to protect the property of the bank. The trial

extended over a week and has produced a voluminous record. The
facts concerning the dismissal of the criminal case were established by
the testimony of the official court reporter and by his transcript of such
proceedings. Plaintiff also introduced the minutes of the trial judge,
as follows: — "Tried to jury; not guilty." Plaintiff also sought to
introduce the minutes of such proceedings as made by the clerk of court
at the trial. The court refused to receive the same in evidence. The
court, however, stated that it was apparent from the record and what
the clerk said that there was no verdict and that the case was dismissed
on the motion of the State's Attorney; that they would have to consider
it in that light. During the course of the trial various newspaper
articles concerning the arrest of plaintiff upon the charge of embezzle-
ment were received in evidence. These articles were in the nature of
news items. Some were published in newspapers within the state and
and some in newspapers in Minnesota. No attempt will be made to
state further in extenso the evidence at the trial. At the close of the
trial, defendant made a motion to direct the verdict. The trial court
denied the motion accompanied with the request that a motion be made
thereafter either for judgment non obstante or for a new trial.

## Contentions.

Defendant's specifications of error are many covering introduction
of evidence, instructions of the court and questions of law upon the
sufficiency of the evidence.

Principally, defendant maintains that the proof fails to establish the
termination of the criminal prosecution and the discharge of the ac-
cused; that no order in writing was ever made by the court dismissing
the criminal action and exonerating defendant's bail; that the stenog-
rapher's transcript simply establishes a motion to dismiss and a
promise of the court to make an order of dismissal; that it was incum-
bent upon the plaintiff to prove by record evidence the termination of
the criminal proceedings; that the evidence affirmatively establishes the
existence of probable cause through a preliminary hearing whereby
defendant was bound over to the district court; that the evidence is
wholly insufficient to overcome the prima facie presumption thereby
established. Further, that the evidence discloses that the plaintiff

was guilty of embezzlement; that the evidence fails to disclose in any particular a failure to disclose all of the facts to the State's Attorney, fairly and bona fide before the issuance of the criminal complaint; that, furthermore, there is no evidence in the record to establish any malice or evidence upon which malice might be inferred; that the trial court prejudicially erred in receiving in evidence the newspaper articles.

## Decision.

The trial court instructed the jury to the effect that, if they found the criminal prosecution against plaintiff was dismissed by the district court on the motion of the state's attorney, that would amount to a termination of the criminal prosecution as a matter of law. This instruction was not unfavorable to defendant. The evidence is ample to support, in this respect, the finding of the jury. It was necessary for plaintiff to establish that there was a prosecution. It was essential for him to show that this prosecution was not pending and had not terminated adversely to him in order to avoid any conclusive presumption of probable cause therefor. See Root v. Rose, 6 N. D. 575, 580, 72 N. W. 1022; 26 Cyc. 42; 18 R. C. L. 27. There can be little question upon this record that the criminal prosecution involved was ended. Upon investigation of the record in this case we are of the opinion that the evidence is sufficient to warrant the finding of the jury that there was want of probable cause in instituting the criminal proceeding. We are clearly of the opinion that upon this record it may not be said that plaintiff was guilty of embezzlement as a matter of law. The question of whether plaintiff, pursuant to agreement with defendant's officers and directors, had the right to make a charge for his automobile expenses and to make withdrawals out of bank funds for that purpose was for the jury. The evidence is sufficient to warrant the jury in finding in plaintiff's favor so as to overcome the prima facie presumption of probable cause that existed through the preliminary hearing. See Shong v. Stinchfield, 47 N. D. 495, 183 N. W. 268. We are further of the opinion that the question whether defendants fully and fairly disclosed all facts within their knowledge to the State's Attorney or to an attorney concerning the criminal charge was for the jury as well as the question of malice which, under the circum-

stances, might be inferred by the jury from want of probable cause. Ibid. No prejudicial error was committed by the trial court in receiving into evidence newspaper articles. Their purpose in admission and in instruction concerned the question of damages. The verdict returned is certainly not excessive. Defendants' contentions concerning the instructions are of no avail when their principal contentions are rejected. We find no error in the instructions. The judgment and order are affirmed with costs.

CHRISTIANSON, BIRDZELL, NUESSLE, and JOHNSON, JJ., concur.